## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, individually and on behalf*
*of all others similarly situated*

| | |
|---|---|
| DELFINO ADAN DIAZ, on behalf of himself and all other persons similarly situated, | DOCKET NO. 21-cv-_____ |
| Plaintiff, | **COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| Parkash 1630 LLC, and Ved Parkash, | **CLASS ACTION** |
| Defendants. | |

Plaintiff Delfino Adan Diaz, by and through his undersigned attorneys, for his complaint against Defendants Parkash 1630 LLC and Ved Parkash, on behalf of himself and all other persons similarly situated, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of defendants Parkash 1630 LLC and Ved Parkash, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to (i) unpaid wages from defendants for overtime work for which he did not receive overtime compensation pay as required by law, and (ii) liquidated damages pursuant to the

FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.      Plaintiff further complains that he is entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Mr. Delfino Adan Diaz ("Plaintiff" or "Mr. Diaz") is an adult individual residing in Huntingdon Station, New York.

4.      Defendant Parkash 1630 LLC ("P1630") is a New York limited liability company with a registered business address at 172-14 89th Avenue, Jamaica, NY 11432.

5.      Upon information and belief, and at all relevant times herein, Defendant Ved Parkash ("Parkash") owned and/or operated Defendant P1630 which together owned and operated the building in which Plaintiff worked, located at 3764 Bronx Boulevard, Bronx, NY 10467, a multi-story building with approximately 62 rental units.

6.      At all relevant times herein, Defendants Parkash and P1630 individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

7.      At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

8.     At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.     Upon information and belief, at all relevant times, Defendant P1630 has had gross revenues exceeding $500,000.00.

10.     Upon information and belief, at all relevant times herein, Defendant P1630 has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

11.     Upon information and belief, at all relevant times, Defendant P1630 constituted an "enterprise" as defined in the FLSA.

12.     Upon information and belief, Defendant Parkash is the owner or part owner and principal of P1630; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.     Defendant Parkash is involved in the day-to-day operations of P1630 and plays an active role in managing the business.

14.     Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

3

## COLLECTIVE ACTION ALLEGATIONS

17.     Pursuant to 29 U.S.C. § 206 and § 207, Mr. Diaz seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant Ved Parkash in the United States at any time since July 20, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant Ved Parkash, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.     The Collective Action Members are similarly situated to Mr. Diaz in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

19.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.     Mr. Diaz, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21.     The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendant Ved Parkash on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.    All said persons, including Plaintiff, are referred to herein as the "Class."

24.    The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said FRCP 23.

*Numerosity*

25.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

*Commonality*

26.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendants employed Plaintiff and the Class within the meaning of New York law.

    b.    Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

    c.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

     d.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

     e.     Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

     f.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

27.   Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime.  Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

28.   Plaintiff is able to fairly and adequately protect the Interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

29.    A class action is superior to other available methods

for the fair and efficient adjudication of this controversy, particularly in the context of wage

and hour litigation where individual Class members lack the financial resources to

vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will

permit a large number of similarly situated persons to prosecute their common claims in a

single forum simultaneously, efficiently, and without the unnecessary duplication of efforts

and expenses that numerous individual actions engender.  Because the losses, injuries, and

damages suffered by each of the individual Class members are small in the sense pertinent

to a class action analysis, the expenses and burden of individual litigation would make it

extremely difficult or impossible for the individual Class members to redress the wrongs

done to them.  Further, important public interests will be served by addressing the matter

as a class action.  The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action

would result in significant saving of these costs.  The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying

adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of Class

members' rights and the disposition of their interest through actions to which they were

not parties.  The issues in this action can be decided by means of common, class-wide

proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to

efficiently manage this action as a class action.

30.    Upon information and belief, Defendants and other

employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **FACTS**

31.     Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

32.     Upon information and belief, at all relevant times herein, Defendants owned and/or operated 90 buildings and employed 50 or more employees.

33.     At all times relevant herein, Defendants employed Mr. Diaz as a handyman, and "super", in which position Plaintiff performed manual work including maintenance and repairs, such as sheet rock, plaster and painting, as well as garbage removal, in Defendants' multi-story building located at 3764 Bronx Boulevard, Bronx, New York 10467.

34.     Mr. Diaz has been employed in such position by Defendants from 2012 until June 6, 2020, when he suffered a stroke.

35.     During his employment by Defendants, Mr. Diaz has worked seven days per week, from 7 a.m. until 9 p.m.    Consequently Mr. Diaz has been working approximately 98 hours per week during his employment by Defendants.

36.     During his employment by Defendants, Mr. Diaz was paid a weekly salary, by check from Defendants as follows: $250 per week during 2012; $278 per week during

2013; $320 per week during 2014; $420 per week during 1630; $490 per week during 2016; $516 per week during 2017, 2018, 2019 and 2020; and $483 per week during 2021.

37.     During his employment by Defendants, Mr. Diaz was also provided with an apartment by Defendants, as part of his wages/compensation.

38.     During Mr. Diaz's employment, Defendants had a policy and practice of failing to reimburse Mr. Diaz for costs he incurred in performing maintenance, repair and renovation work in the apartments at the building where he was employed and lived.

39.     During his employment by Defendants, Mr. Diaz requested to Defendant Parkash that he reimburse Plaintiff for such expenses Plaintiff incurred, but Defendants never reimbursed Plaintiff for these expenses.

40.     Mr. Diaz's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

41.     At all relevant times herein, Mr. Diaz was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

42.     Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43.     Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

44.     Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

45.     Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

46.     Upon information and belief, throughout the period of Mr. Diaz's employment, both before that time (throughout the Collective Action and Class Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr. Diaz (the Collective Action Members and Class Members) in positions at the defendants' buildings that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

47.     Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of overtime.

48.     Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

49.     Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50.     Upon information and belief, while the defendants employed Mr. Diaz and the Collective Action and Class members, and throughout all relevant time periods, the

defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

51.     Upon information and belief, while the defendants employed Mr. Diaz and the Collective Action members and Class Members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I: Fair Labor Standards Act - Overtime

52.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53.     At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members and Class Members within the meaning of the FLSA.

54.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

55.     Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

57.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## COUNT II: New York Labor Law - Overtime

58.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.     Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

61.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law – Wage Theft Prevention Act

63.     Plaintiff, on behalf of himself and all Collective Action Members and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

12

64.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

66.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

67.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from February 27, 2015 through the present, up to the maximum statutory damages.

68.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from February 27, 2015 through the present, up to the maximum statutory damages.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them,

13

as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e.   Liquidated damages for Defendants' New York Labor Law violations;

f.   Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

g.   Back pay;

h.   Punitive damages;

i.   An award of prejudgment and post judgment interest;

j.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.   Such other, further, and different relief as this Court deems just and proper.


Dated:  October 11, 2021                       /s/ *Michael Samuel*
                                               Michael Samuel, Esq. (MS 7997)
                                               THE SAMUEL LAW FIRM
                                               1441 Broadway – Suite 6085
                                               New York, NY 10018
                                               (212) 563-9884

                                               *Attorneys for Plaintiff*