USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/06/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
DELFINO ADAN DIAZ, ON BEHALF OF :
HIMSELF AND ALL OTHER PERSONS :
SIMILARLY SITUATED, :
 :
                            Plaintiff, :      21-CV-8382 (VEC)
 :
    -against- :      OPINION & ORDER
 :
 :
PARKASH 1630 LLC and VED PARKASH, :
 :
 :
                        Defendants. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

This is an action brought by Plaintiff Delfino Adan Diaz against Defendants Parkash 1630 LLC and Ved Parkash[1] for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"). Plaintiff moves for conditional collective certification pursuant to 29 U.S.C. § 216(b), *see* Mot., Dkt. 27,[2] which Defendant opposes, *see* Defs. Opp., Dkt. 35.[3] For the reasons stated below, Plaintiff's motion for collective certification is DENIED.

---

[1] Ved Parkash owns Parkash 1630 LLC. Compl., Dkt. 1 ¶ 5.

[2] Plaintiff previously filed a motion for collective certification on April 26, 2022, while the parties were in Court-ordered mediation. *See* First Mot., Dkt. 14; Order, Dkt. 19. The Court denied the motion without prejudice to allow the parties to fully exhaust the possibility of settlement through the mediation program. Order, Dkt. 19.

[3] The Court granted Defendants' request for an extension of time to file their opposition until Friday, August 26, 2022, and warned Defendants that "there will be no further extensions." Order, Dkt. 33. While Defendants filed the Johnson Declaration and the accompanying exhibits by that deadline, *see* Johnson Decl., Dkt. 34, Defendants' opposition brief was not filed until the following Monday, August 29, 2022, with no explanation for the delay and with no request for an extension. *See* Defs. Opp., Dkt. 35. Because Plaintiff did not object to the late filing, and because the motion for collective certification, on its face, does not make the required showing that members of the proposed collective are similarly situated, the lateness of the filing does not alter the Court's decision.

**BACKGROUND**

Defendants employed Delfino Adan Diaz from 2012 to June 2020 as the superintendent of an apartment building; Plaintiff left Defendants' employ after suffering a stroke. Compl., Dkt. 1 ¶ 33–34. Diaz states that he worked from 7 A.M. to 9 P.M. every day of the week, or "approximately 98 hours per week." *Id.* ¶ 35. In addition to a weekly salary, Diaz was provided with an apartment as part of his compensation package. *Id.* ¶ 37. As is relevant to this motion, Diaz alleges that, although he was compensated for specific projects and for time worked beyond forty hours per week, Defendants did not pay the required overtime premium. *Id.* ¶ 24; Pl. Mem., Dkt. 28 at 3, 5. Plaintiff now seeks to certify a collective comprised of "current and former apartment building superintendents, and the like . . . employed by Parkash 1630, LLC and Ved Parkash, from 2012 to the date of this motion." Pl. Mem. at 1.

**I.    Plaintiff Fails to Establish that Members of the Proposed Collective Are Similarly Situated to Him**

**A.    Legal Standard**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated," 29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to him. *Id.* at 555 (citation omitted). To meet this burden, the plaintiff need only "make a 'modest factual showing' that [he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citation omitted). "[I]f named parties and party plaintiffs share legal or factual similarities material to the disposition of their claims,

dissimilarities in other respects should not defeat collective treatment." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020) (cleaned up).

Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (internal quotation marks and citation omitted), and it generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted). Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted). Courts do not examine at this point "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to a common illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citation omitted).

### B.     Plaintiff Has Not Met the Notice-Stage Burden

Plaintiff seeks to certify a collective of individuals employed by Defendants as superintendents "and the like" at any time from 2012 until the date of the motion.[4] Pl. Mem. at

---

[4]     Plaintiff does not explain what job categories might be "like" superintendents, nor does Plaintiff provide facts about any category of employees other than superintendents to establish that they are similarly situated to Plaintiff. Accordingly, the Court's analysis focuses only on superintendents.

1. Because courts do not examine "whether there has been an actual violation of law" at the notice stage, *Young*, 229 F.R.D. at 54 (citation omitted), the Court need not delve into whether Plaintiff has stated a claim under federal law. Instead, the proper inquiry is whether Plaintiff has demonstrated that he is similarly situated vis-à-vis his FLSA claim to the putative collective members. The Court finds that he has not.

In support of his assertion that members of the proposed collective "were victims of a common policy or plan that violated the law," *Myers*, 624 F.3d at 555 (internal quotation omitted), Plaintiff relies on conversations he had with Ediberto, Felix, and Jaime, three individuals who were also employed as superintendents in Parkash-owned buildings.[5] Pl. Mem. at 3–4. Plaintiff does not provide the last names of these three individuals, *see id.*, but states that Ediberto, Felix, and Jaime each told him, on more than one occasion, that "they routinely worked more than 40 hours per week, but were not paid overtime." Pl. Mem. at 2; *see also* Diaz Decl., ¶¶ 10–12.

In opposition, Defendant presents form-template affidavits from Heriberto Andujar, Felix Tavarez, and Jaime Espiritu, Johnson Decl. Ex. 7, 9, 11, Dkt. 34, who Plaintiff concedes are the Ediberto, Felix, and Jaime discussed in Plaintiff's motion for collective certification, Pl. Reply, Dkt. 38 at 2.[6] Each affiant denies in his affidavit that he worked more than forty hours during

---

[5] Defendants assert that Ediberto, Felix, and Jaime worked at buildings that were not owned by either of the named Defendants and argue that they consequently may not be included in the proposed collective. Def. Opp., Dkt. 35 at 4, 8–9. In reply, Plaintiff argues that all superintendents who worked at buildings owned by Ved Parkash, individually or through LLCs, are properly included in the collective because the buildings were managed by a common entity; Plaintiff also seeks leave to amend his complaint to add additional Parkash entities. Pl. Reply, Dkt. 38 at 5–6. But even if the Court were to agree with Plaintiff that all buildings owned by Ved Parkash and his LLCs were part of the same entity or to grant Plaintiff leave to add additional Defendants, Plaintiff's motion for collective certification would still fail to clear the low threshold of proof required at the notice stage.

[6] The affidavits of Jaime Espiritu and Heriberto Andujar are in Spanish and have been translated into English by a certified translator. Johnson Decl. Ex. 7, 11, Dkt. 34. Defendants also submitted copies of each affiant's form acknowledgement that he had received the Parkash Entity's Employee Handbook. Johnson Decl. Ex. 8, 10, 12. The Court assumes that "Ediberto" is Heriberto Andujar.

"this time period," but no one defines what constitutes "this time period." Johnson Decl. Ex. 7, 9, 11. Putting aside the fact that, because the time frame referenced in the affidavits is unknown, the affidavits do not actually contradict Plaintiff's claim that Andujar, Tavarez, and Espiritu, at some point, told Plaintiff that they were not paid overtime although they worked more than forty hours in at least some weeks, Pl. Mem. at 3–4, to the extent that there are any factual inconsistencies between the affidavits and Plaintiff's declaration, resolution of those inconsistencies is inappropriate at the notice stage. At the notice stage, the Court "draw[s] all inferences in favor of the Plaintiff," *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) (internal quotation omitted); *see also Richards et al v. Empire Scaffolding Sys., Inc. et al.*, No. 21-CV-6638, 2022 WL 2384154, at *3 (S.D.N.Y. July 1, 2022) ("[A] defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions." (quoting *Jeong Woo Kim*, 985 F. Supp. 2d at 446)).

Plaintiff worked for Defendants from 2012 to June 2020, Pl. Mem. at 2, and through the Diaz Declaration,[7] he attests that he has known Andujar, Tavarez, and Espiritu for approximately a decade — much, if not all, of which appears to be the time during which they all

---

[7] Plaintiff's declaration is entirely in English, although Plaintiff's native language is Spanish. Diaz Decl., Dkt. 29 ¶ 15. The Diaz Declaration states that it consists of statements made by Plaintiff in Spanish that were then written in English and read back to Plaintiff before he signed it. *Id.* ¶¶ 15–16.

It is well settled that when a declarant does not speak and read English, as is apparently the case with Plaintiff, the party relying on his declaration is required to submit documentation sufficient to establish that the declarant knew what he was signing. This can be accomplished in several ways: the declarant can sign a declaration in his native language and the party can submit a certified translation of the declaration; the declarant can sign an English version so long as the certified translation is submitted to the court and shown to the declarant before the English language version is signed, *Huang v. J&A Ent. Inc.*, No. 09-CV-5587, 2010 WL 2670703, at *1 (E.D.N.Y June 29, 2010); *Mattis v. Zheng*, No. 05-CV-2924, 2006 WL 3155843, at *1 n.1 (S.D.N.Y. October 27, 2006); or the declaration can be signed in English but accompanied by a separate declaration from a person who swears that the declaration was faithfully translated into the declarant's native language before the English language declaration was signed, *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007); *see also Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 119 (S.D.N.Y. 2011). What is not appropriate is the path Plaintiff took in this case. Striking the Diaz Declaration would be appropriate. *See Huang*, 2020 WL 2670703, at *1. Because the Diaz Declaration is inadequate to support the motion, however, the Court will not strike it. Plaintiff's counsel is warned that in subsequent cases, similar sloppy practice will result in the offending declaration being struck.

worked for Defendants.[8]  Diaz Decl., Dkt. 29 ¶¶ 10–12.  Defendants argue that Plaintiff's conversations with these three superintendents are insufficient to warrant conditional certification of a collective because Plaintiff "failed to specifically identify other co-workers by name and title, provide the specifics of conversations, or testify to the working conditions and hours for the other alleged superintendents."  Def. Opp. at 6.  That level of detail is not required at the notice stage.  *See Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases in which collective certification was granted based upon plaintiff's statements that they observed or spoke with other employees who experienced similar overtime violations).

Plaintiff's failure to provide details regarding *when* these conversations took place is, however, fatal.  The Fair Labor Standards Act sets the statute of limitations at two years (three years if the violation is willful), subject to equitable tolling.  *See* 29 U.S.C. § 255.  The Complaint was filed on October 11, 2021, Compl., Dkt 1; thus, the proposed collective could only encompass claims arising from October 11, 2019 (or October 11, 2018) onwards.  Given Plaintiff's long work history, and the length of his relationships with Andujar, Tavarez, and Espiritu, it is impossible to conclude that Plaintiff's conversations occurred during the two (or three) years prior to the filing of the complaint.  *See Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) ("Information regarding where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." (cleaned up)).[9]  Accordingly,

---

[8]  Plaintiff states that he met Andujar nine years ago, when he was delivering Andujar his paycheck, Diaz Decl. ¶ 10, Tavarez eight years ago "because he . . . sometimes gives me a ride to the Parkash office in Queens," *id.* ¶ 11, and Espiritu fourteen years ago, when their children attended the same school, *id.*

[9]  Contrary to Plaintiff's argument, the deposition statements of Anurag Parkash, manager of Parkash 1660, LLC, and Parkash 215, LLC, do not establish that there are similarly situated employees who were victims of a common unlawful wage practice.  Pl. Mem. Ex. C., Dkt. 28 at 6–8.  Anurag Parkash testified that superintendents in

6

Plaintiff has failed to establish that there is a group of employees who may have been victims of a common unlawful wage policy during the three years prior to the filing of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for collective certification is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 27. Plaintiff's requests for discovery of the names and contact information of potential collective members, approval of the proposed notice, and to toll the statute of limitations are DENIED as moot.

The Court orders that all fact discovery shall be completed not later than **Friday, January 6, 2023**, and that all expert discovery shall be completed not later than **Monday, January 20, 2023**. The parties are warned that absent a showing of very good cause, the Court is unlikely to extend these deadlines.

The parties must appear for a post-discovery pretrial conference on **Friday, January 13, 2023, at 10:00 A.M.** in Courtroom 443, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007. By **January 5, 2023**, the parties must submit a joint letter regarding the status of the case, including:

   a. a statement of all existing deadlines, due dates, and/or cut-off dates;

   b. a brief description of any outstanding motions;

   c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

---

Defendants' buildings were sometimes compensated extra for work, such as re-tiling a bathroom; he did not testify that this was in lieu of overtime compensation, or even that performing such work caused the superintendents to work more than forty hours in a week. *See id.* at 24–25; *see also id.* at 21–23.

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

**SO ORDERED.**

Date:  October 6, 2022
       New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**