## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made this ___ day of October, 2023, between Delfino Adan Diaz ("Plaintiff"), on one part, and Parkash 1630 LLC and Ved Parkash (Collectively referred to as "Defendants"), on the other part (Collectively, Plaintiff and Defendants are referred to as the "Parties.")

**WHEREAS** Plaintiff alleges that he was employed by Defendants as a building superintendent at a residential apartment building located at 3764 Bronx Boulevard, Bronx, NY 10467 (the "Building"); and

**WHEREAS** Plaintiff, through his counsel, The Samuel Law Firm, filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 1:21-cv-08382-VEC (the "Action") alleging, *inter alia*, violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*. relating to alleged unpaid minimum wage and overtime compensation; and

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties participated in good faith in a settlement conference conducted by the Honorable Sarah Netburn on July 20, 2023, resulting in a settlement in principle and the Parties now desire to memorialize the settlement in a writing and resolve and settle the Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

    a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $85,000.00 (the "Settlement Sum") to be paid in ten (10) equal monthly installments of $8,500.00 (each such monthly installment a "Settlement Installment Payment"), as set forth in paragraph (b.) below.

   b. The initial Settlement Installment Payment of $8,500.00 due under this Agreement shall be paid by Defendants within ten (10) days of the Effective Date, as defined in paragraph 3. below. The initial Settlement Installment Payment of $8,500.00, and each of the succeeding nine (9) Settlement Installment Payments of $8,500.00, shall be made by check made payable to "The Samuel Law Firm, as Attorneys for Plaintiff Delfino Adan Diaz", with the second Settlement Installment Payment to be paid by Defendants within thirty (30) days of the initial Settlement Installment Payment, and each succeeding Settlement Installment Payment of $8,500.00 to be paid by Defendants within thirty (30) days of the preceding Settlement Installment Payment, until ten (10) Settlement Installment Payments have been received by Plaintiff's counsel.

   c. In the event Defendants fail to make or are late in making said Installment Payments, Plaintiff shall notify Defendants by electronic mail to their counsel, Kevin S. Johnson, Esq., Johnson Litigation Group, P.C., 1 Linden Place, Suite 207, Great Neck, NY 11021, kjohnson@jlitlaw.com. Thereafter receipt of said notice, Defendants shall have seven (7) days to cure such default, without being considered in violation of the terms of this agreement.

   d. Plaintiff's counsel shall be responsible for disbursing the Settlement Sum according to the terms of this Agreement, upon receipt of each Settlement Installment Payment from Defendants.

   e. As further consideration for the release contained in paragraph 2 below, Defendants will (i) permit Plaintiff to step down as the full-time superintendent at the Building, and will no longer be responsible for any superintendent duties nor will he be an employee of Defendant(s), and (ii) hire Plaintiff's son, Christopher Adan Lazaro, as the new, full-time superintendent at the Building, pursuant to a written employment agreement, , which shall be negotiated (in good faith) and executed no later than two (2) weeks from the execution of this Agreement and of a release by Christopher Adan Lazaro of any and all claims that may have or not have existed as against Defendants from the beginning of time until the date of execution. Furthermore, Christopher Adan Lazaro's first date of employment shall be deemed to begin the first Monday after execution of the employment agreement by both Defendants and Christopher Adan Lazaro.

   f. Except as provided otherwise herein, each Party shall bear that Party's own costs and fees.

2. **Release.**

   a. In consideration for the payments and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors,

agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants, Parkash 1630 LLC and Ved Parkash, and all Parkash entities, and each and every one of their respective predecessors, successors, officers, employees, agents, and attorneys (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. In consideration of the offer of employment by Defendants to Plaintiff's son, Christopher Adan Lazaro, Christopher Adan Lazaro, Eric Adan Lazaro, Clara Lazaro Cortez and their respective successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants, Parkash 1630 LLC and Ved Parkash, and all Parkash related entities, and each and every one of their respective predecessors, successors, officers, employees, agents, and attorneys (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages,

      bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

   c. These releases shall not affect or limit: (a) any claims based upon conduct occurring after the date Plaintiff, Christopher Adan Lazaro, Eric Adan Lazaro and Clara Lazaro Cortez sign this Agreement; (b) Plaintiff's, Defendants', Christopher Adan Lazaro's, Eric Adan Lazaro's or Clara Lazaro Cortez's right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

   d. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have, will have or could have had with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval.  Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order.  The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

4. **Non-Admission**

The Parties. Plaintiff's sons, Christopher Adan Lazaro and Eric Adan Lazaro, and Plaintiff's wife, Clara Lazaro Cortez, agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or a violation by Defendants of any federal, state, or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party.  Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **Successors and Assigns**

Upon the merger or consolidation of the corporate defendant into or with another entity, this Agreement and Release shall bind and inure to the benefit of both the current corporate defendant, any related corporate entities, and the acquiring, succeeding, or surviving entities, as the case may be.

6. **Applicable Law; Forum Selection**

   This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Bronx County.

7. **Execution in Counterparts; Facsimile signatures; Force and effect**

   This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. This Agreement will not become enforceable until it is executed by the all Parties, Christopher Adam Lazaro, Eric Adan Lazaro and Clara Lazaro Corteaz. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral Reference**

   a. Plaintiff, Christopher Adan Lazaro, Eric Adan Lazaro and Clara Lazaro Cortez agree not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites), and Plaintiff may make truthful statements about his experience litigating this case.

   b. Defendants agree not to make any false statements about Plaintiff, Christopher Adan Lazaro, Eric Adan Lazaro or Clara Lazaro Cortez that are derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

   c. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

   The Parties agree that the Court will retain jurisdiction of the Action (or if it so declines, jurisdiction will be governed by paragraph 6 above) for the sole purpose of

enforcing the terms of this Settlement Agreement. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper. Prevailing party means any party that prevails in a judgment, order, or verdict of the Court or duly empaneled jury.

10. **Entire Agreement**

    The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein, to wit, the Employment Agreement with Christopher Adan Lazaro, incorporated by reference herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

11. **Non-Waiver**

    No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

12. **Interpretation**

    a. Construal. Each of the Parties, along with Christopher Adan Lazaro, Eric Adan Lazaro, and Clara Lazaro Cortez has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b. Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two

constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c. <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

d. <u>Recitals</u>. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

13. **Representations and Warranties**

    a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

    b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement in a language of his/her choosing and all of its terms and conditions and agrees to each and every term and condition herein.

    c. Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

14. **Notices**

Any provision of this Agreement that calls for notice, not specifically enumerated herein, to be sent to Plaintiff or Defendants shall be sent via email, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing by the relevant party or parties:

| Plaintiff: | Defendants: |
|---|---|
| Michael Samuel, Esq. | Kevin S. Johnson, Esq. |
| The Samuel Law Firm | Johnson Litigation Group P.C. |
| 1441 Broadway, Suite 6085 | 1 Linden Place, Suite 207 |
| New York, NY 10018 | Great Neck, New York 11021 |
| | kjohnson@jlitlaw.com |
| | Telephone: 646-590-0571 |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next

> business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

15. **THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**DELFINO ADAN DIAZ**

**Date:**_____

_____
**CHRISTOPHER ADAN LAZARO**

**Date:** _____

_____
**ERIC ADAN LAZARO**

**Date:** _____

**CLARA LAZARO CORTEZ**

**Date:** _____

**Parkash 1630 LLC**

_____

**By:**


**Date:**_____


_____

**Ved Parkash**

**Date:**_____

9